COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-147-CR

KENNETH GRAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kenneth Gray appeals his conviction and sentence for aggravated sexual assault of a child.
(footnote: 2)  We affirm.  

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 3) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
  We gave appellant the opportunity to file a pro se brief, and he has not filed one.  The State also has not filed a brief.

Once an appellant’s court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record
.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5) 

We have carefully reviewed the record and counsel’s brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.
(footnote: 6)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH 

Tex. R. App. P. 47.2(b)

DELIVERED: February 19, 2009 
 

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
See
 Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2008).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967)
.

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

5:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

6:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
see also Meza v. State,
 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).